UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Child Evangelism Fellowship of Ohio, Inc.,** | ) CASE NO. 1:13CV1765 |
| | ) |
| Plaintiff | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| vs. | ) |
| | ) |
| **Cleveland Metropolitan School District,** | ) |
| | ) |
| | ) |
| Defendant. | ) **ORDER** |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Cleveland Metropolitan School District's ("Defendant") Motion to Dismiss for Lack of Standing. (ECF DKT #20-1). Defendant contends that Child Evangelism Fellowship of Ohio, Inc. ("Plaintiff") did not suffer an injury to maintain standing in its Free Speech claim against Defendant. The Court denies the Motion as reasoned below.

## I. FACTS

For purposes of this Motion, the Court assumes the accuracy of the facts in the Complaint. Plaintiff is a not-for-profit organization based out of Cuyahoga Falls, Ohio. (Cmplt. ¶3). Defendant is the governing body of the Cleveland public school system. (Cmplt. ¶4). Plaintiff operates a series of after-school enrichment programs for children throughout Ohio called Good News Clubs ("Club"). (Cmplt. ¶12). Plaintiff is part of an international organization that operates similar clubs throughout the country, and engages in other activities around the world. (Cmplt. ¶13).

1

The Club "encourages learning, spiritual growth and service to others by providing religious and moral education through lessons from the Bible." (Cmplt. ¶14). In the past, Plaintiff used Defendant's public facilities to host Club meetings for Cleveland school children. (Cmplt. ¶15). This was in accordance with Defendant's policy that allowed community groups and organizations to host meetings at Defendant's campuses for a "reasonable fee." (Cmplt. ¶¶28-30). Children ages five to twelve attended these meetings after school on campus. (Cmplt. ¶22). In order to encourage more participation, and because it was difficult for many parents to transport their kids around the city, Plaintiff hosted meetings at the elementary campuses immediately after school. (Cmplt. ¶21.).

During the 2011-2012 school year, Plaintiff did not pay a fee to Defendant to host meetings at the schools. (Cmplt. ¶32). According to Plaintiff, this was because Defendant has an unwritten policy that allows the school's principal to waive the fee at his or her discretion. (Cmplt. ¶31).

Around September 2012, Plaintiff approached Chantelle Lewis, the new principal of Miles@Cranwood Elementary School, to obtain permission to continue using the school for Club meetings. (Cmplt. ¶33). Lewis told Plaintiff that to continue using the school, Plaintiff had to obtain a permit from the Board of Education. (Cmplt. ¶34). After the Board granted the permit, Plaintiff asked the Board, in a letter dated October 15, 2012, to waive any fees associated with conducting Club meetings at the school. (Cmplt. ¶36). The Board denied the fee waiver, instead providing an invoice to Plaintiff for the predicted use of Defendant's facilities for 2012-2013. (Cmplt. ¶37).

Plaintiff attempted to obtain a fee waiver many more times. (Cmplt. ¶44). First, Plaintiff

2

approached Lewis about waiving the fees, but Lewis denied the request. (Cmplt. ¶40). Next, Plaintiff attempted to have the Board reconsider the waiver, but after making an in-person request the Board denied Plaintiff again. (Cmplt. ¶44). Additionally, the Board told Plaintiff to send a letter requesting a waiver to the Deputy Chief of Facilities and Transportation, who denied the request as well. (Cmplt. ¶¶45, 46). Finally, Plaintiff obtained counsel, who sent a letter to Defendant's CEO, Eric Gordon, on March 28, 2013 with copies to ten school board members requesting an immediate waiver of the fees and a formal response by April 11, 2013. (Cmplt. ¶47). Defendant failed to respond. (Cmplt. ¶48).

Plaintiff attempted to contact Defendant officials numerous other times before filing suit. First, Plaintiff's counsel sent an email on April 17, 2013 to Defendant's Chief Counsel, requesting a response, which never came. (Cmplt. ¶¶49, 50). Plaintiff's counsel sent another written request on May 15, 2013 to Defendant, to which Defendant did not respond. (Cmplt. ¶52). Lastly, Plaintiff left a voicemail for Defendant's counsel on May 29, 2013, but again, Defendant never responded. (Cmplt. ¶¶53, 54).

Plaintiff later discovered that another similarly-situated group, the Boy Scouts of America ("Boy Scouts"), was not paying Defendant fees for use of its facilities. (Cmplt. ¶60). The Boy Scouts engage in the same type of messaging as Plaintiff, but outside of a religious context. (Cmplt. ¶57). Because Defendant did not require the Boy Scouts to pay fees, Plaintiff filed suit saying Defendant was operating its fee-waiver policy in a discriminatory manner; and alleging that, among other things, Defendant violated Plaintiff's Constitutional right of Free Speech. (Cmplt. ¶63). Defendant claims it has an in-kind arrangement with the Boy Scouts, not a total fee waiver. (ECF DKT #15). Regardless, Defendant does not dispute that the Boy Scouts

are not paying a monetary fee for using the facilities.

Plaintiff cites several injuries in its Complaint. Plaintiff did not operate Club meetings for the 2012-2013 school year since Defendant would not waive the fee. (Cmplt. ¶65). Plaintiff maintains that it cannot operate its meetings because it is unable to afford the Defendant's fees, resulting in an inability to communicate its values to children in the same manner as the Boy Scouts. (Cmplt. ¶¶ 65, 66). Plaintiff also states that the fee seriously impedes Plaintiff's ability to expand Club operations, further infringing on Plaintiff's First Amendment rights. (Cmplt. ¶68).

Defendant filed a Motion to Dismiss for Lack of Standing regarding Plaintiff's Free Speech claim. (ECF DKT #20-1). Plaintiff timely replied. (ECF DKT #22).

## II. ANALYSIS

The Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const., art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997), citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 663-664 (1993). To have standing, a plaintiff must offer evidence that shows: (1) the plaintiff has suffered an injury in fact, which is further defined as a violation of "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the defendant's conduct; and (3) a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Defendant contends that Plaintiff never sought a similar in-kind arrangement to that of

the Boy Scouts. (ECF DKT #20-1). Thus, Defendant maintains that Plaintiff could not have suffered an injury because Defendant did not deny such an arrangement request. (ECF DKT #20-1). However, Defendant misunderstands Plaintiff's claim.

Defendant is correct that Plaintiff never requested an in-kind arrangement, but that is not what Plaintiff is claiming injury from. Rather, Plaintiff is claiming injury from Defendant's imposing a fee on Plaintiff and Defendant's refusal to waive the fee. (Cmplt. ¶63). Plaintiff has offered evidence to show Defendant rejected Plaintiff's fee waiver requests. (Cmplt. ¶¶ 37, 40, 44, 46). The only similarity between the Boy Scouts' arrangement and what the Plaintiff seeks is the fee waiver, regardless of any in-kind arrangement. Defendant has further recognized this distinction in its own Motion, stating, "[Plaintiff] never proposed paying the Permit Fee through in-kind of goods and services. . . Instead, [Plaintiff] simply wanted [Defendant] to waive the Permit Fee altogether, claiming it could not afford payment." (ECF DKT #20-1). Therefore, Defendant concedes that what Plaintiff seeks is not an in-kind arrangement, but a complete fee waiver.

After clarifying what Plaintiff seeks, the rest of the standing analysis falls into place. In a similar case in South Carolina, the district court addressed a motion to dismiss for lack of standing against the South Carolina Child Evangelism Fellowship chapter. *Child Evangelism Fellowship of South Carolina v. Anderson School Dist.*, 438 F.Supp.2d 609 (D.S.C. 2006). In *Anderson*, the court found that the defendant's refusal to waive a facility fee for the plaintiff played a part in the plaintiff's decision to halt its operations and stop expanding. *Id*. Therefore, the court found that the defendant's policies and practices injured the plaintiff, and injunctive, declaratory or damages relief could redress the injury. *Id.* at 622.

Similarly, Defendant's refusal to waive the fee has injured Plaintiff, and a favorable decision would redress the injury.  Plaintiff sought a fee waiver, which Defendant denied; and, as a result, Plaintiff suspended Club meetings for the 2012-2013 school year.  (Cmplt. ¶¶37, 40, 44, 65).  Plaintiff also claims that if it has to pay these fees, it must halt expansion of its operations because of a lack of funding.  (Cmplt. ¶68).  Lastly, Plaintiff maintains that the fee discriminates against Plaintiff by preventing Plaintiff from spreading its message to students on the same basis as the Boy Scouts.  (Cmplt. ¶66).  Plaintiff has presented sufficient injuries to satisfy the first prong of the standing analysis.

Next, Plaintiff has demonstrated that there is a causal connection between its injury and Defendant's conduct.  Plaintiff claims and demonstrates that because it now has to pay to use Defendant's facilities, which it cannot afford, Plaintiff cannot operate its after-school meetings.  (Cmplt. ¶65).  Plaintiff also establishes that the fee is preventing it from expanding its operations, similar to the plaintiff in *Anderson*.  *Anderson*, 438 F.Supp.2d at 621.  Plaintiff has sufficiently demonstrated that Defendant's refusal to grant a fee waiver has a causal connection to Plaintiff's asserted injuries.

Lastly, there is no doubt that if the Court finds for Plaintiff, the decision would redress Plaintiff's injury.  If the Court lifts the fee, Plaintiff could resume operations at Defendant's facilities and continue spreading its message to children and expand Club operations.

Defendant similarly cites an arrangement with The Word Church ("Church") to refute Plaintiff's standing.  (ECF DKT #20-1).  However, the Court finds that Defendant's arrangement with the Church is irrelevant to the issue before it.  According to Defendant, it approved an in-kind arrangement with the Church where, in return for a fee waiver, the Church would provide

capital improvements to Defendant's facilities. (ECF DKT #20-1). Defendant claims that Plaintiff lacks standing because it did not seek a similar in-kind arrangement prior to filing suit. (ECF DKT #20-1). Defendant, again, misses the point. Plaintiff does not seek a similar in-kind arrangement. Plaintiff seeks a total fee waiver without an in-kind arrangement. Therefore, Plaintiff's failure to request an in-kind arrangement similar to that of the Church is irrelevant. Whether Defendant's in-kind arrangement with the Church disproves Plaintiff's discrimination and content-based restriction claims is a merits argument and irrelevant to the standing issue.

This standing analysis does not intend to address the ultimate merits of Plaintiff's claims. Plaintiff has successfully cited an injury caused by Defendant's conduct that the Court can redress with a favorable decision.

### III.  CONCLUSION

Plaintiff Child Evangelism Fellowship of Ohio, Inc. has requested a fee waiver numerous times, and Defendant Cleveland Metropolitan School District has either rejected or ignored these requests. Plaintiff asserts this has forced it to cease Club operations and further expansion of the program. A favorable ruling here would enable Plaintiff to reinstate Club operations and expansion. Plaintiff has demonstrated Article III standing; so, the Court denies Defendant's Motion to Dismiss (ECF DKT #20).

**IT IS SO ORDERED.**

<u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 10, 2014**